## NABORS and McKAY *v.* CALEB McKAY.

The statute of 1822 (Rev. Co. 50, § 82) provides, " that where one or more slaves shall descend from a person dying intestate, and equal division thereof cannot be made in kind, on account of the nature of the property, it shall be lawful for the orphans' court, by which the administration to the estate was granted, to direct the sale of such slave or slaves, and the distribution of the money arising therefrom, according to the right of the parties; each claimant being first summoned to show cause, if any he can, against such sale:" — *Held*, that the administrator is the proper party to file a petition for distribution in such a case.

So all the parties in interest are before the court, which the statute requires, either as plaintiffs or defendants, it is not a matter to be regarded, whether

the petition is filed or the application is made by the administrator or the distributees.

In error from the circuit court of Tippah county; Hon. P. T. Scruggs, judge.

The facts of the case are contained in the opinion.

No counsel for appellants.

*Potter*, for appellant,
Cited Hutch. Co. 669, § 109; Ib. 661, § 82.

Mr. Justice FISHER delivered the opinion of the court.

This was a suit in the circuit court of Tippah county, upon a note made by one McMair, and the plaintiffs in error as his sureties.

The defence made was, the want of a sufficient consideration to support the note. The record presents the following state of facts: Caleb McKay, being the administrator of the estate of John J. McKay, deceased, filed a petition in the probate court of Tippah county, stating that the debts of the estate had been paid, and that the estate consisted of one slave, which, from the nature of the property, could not be divided among the distributees, who were two infant children of the intestate. A citation having been issued and served on the distributees, the court appointed a guardian *ad litem*, to represent their interests before the court; and upon a full hearing of the whole matter decreed a sale of the slave. The sale was accordingly made, when McNair became the purchaser of the slave, and gave the note which is the foundation of the present suit.

The objection urged is, that the petition for the sale could only be filed in the name of the distributees, and that it having been exhibited by the administrator, the entire proceedings had thereon are void.

The act of 1822, Revised Code, p. 50, § 82, provides, that where one or more slaves shall descend from a person dying intestate, and equal division thereof cannot be made in kind, on account of the nature of the property, it shall be lawful for the

orphans' court, by which the administration to the estate was granted, to direct the sale of such slave or slaves, and the distribution of the money arising therefrom, according to the rights of each claimant; "Provided, each claimant shall be summoned to show cause, if any he can, against such sale." It would seem, both upon principle and by fair construction of the statute, to be clear, that the administrator is the party who ought to file the petition, as the law requires him to make distribution. The claimants are to be summoned to show cause against the sale, which implies that they are not the plaintiffs, but the defendants to the proceedings. But it is really a matter of no consequence whether the petition is filed, or the application in such case is made by the administrator, or by the distributees. All the parties in interest must be before the court, either as plaintiffs or defendants. The administrator, having the possession of the property, is the party of course to be commanded by the order of the court, and is, therefore, a necessary party. It is immaterial whether he appear voluntarily before the court, and show his readiness to make distribution, or whether he appear in obedience to a summons from the distributees; his duties in either case are the same. If slaves shall be shown by him to be incapable of division in kind, the distributees may, at his instance, be summoned to show cause why such property should not be converted into money, and it distributed in lieu of the property.

Judgment affirmed.